**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUDOLPH MCNEIL,
<u>Plaintiff-Appellant,</u>

v.

THOMAS CORCORAN, Warden;
COMMISSIONER OF CORRECTION;
SERGEANT BROWN; LIEUTENANT HALL;
CORRECTIONAL OFFICER DORSEY, II;
SERGEANT JOHNSON; CORRECTIONAL

OFFICER SMITH, II; CORRECTIONAL
OFFICER TAYLOR, II; CORRECTIONAL
OFFICER BURRELL; CORRECTIONAL
OFFICER GUY, II; CORRECTIONAL
OFFICER BRIDGEPORT, II; M. D.
GAVIGAN, Lieutenant; EDWARD
TAMES, Sergeant,
<u>Defendants-Appellees.</u>

No. 98-7093

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-97-3675-AMD)

Submitted: December 22, 1998

Decided: January 14, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Rudolph McNeil, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Stephanie Judith Lane-Weber, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rudolph McNeil appeals the decision of the district court granting summary judgment on behalf of Defendants in his civil rights action under 42 U.S.C.A. § 1983 (West Supp. 1998). McNeil, an inmate at the Maryland House of Correction Annex (MCHX), alleges that he was the victim of excessive force. For the reasons set forth below, we vacate the judgment of the district court and remand for further proceedings.

In May of 1997, a series of events culminated in an inmate uprising at MCHX. In the aftermath of this event, the prison warden ordered a search of all cells in order to locate weapons that were used during the disturbance. It was during the search of McNeil's cell pursuant to that order that the events leading to this action occurred.

Our examination of the record reveals a number of inconsistent factual allegations; however, the following facts are undisputed. On May 9, 1997, an altercation occurred between one or more guards and McNeil during the search of McNeil's cell. McNeil was then taken to the prison infirmary for treatment. He was seen by a nurse briefly in the infirmary and then placed in solitary confinement. In the following eighteen days, McNeil requested medical attention, either formally or informally, at least six times, but was denied access to medical personnel. On May 30, three weeks after the altercation,

2

McNeil was seen by a physician who noted a history of "blunt trauma to the body." (R. 20, exh. 2 at 2). On June 9, McNeil was admitted to the infirmary after becoming ill and was diagnosed with acute appendicitis. Doctors successfully performed an emergency appendectomy. McNeil thereafter filed the instant suit alleging violation of his civil rights.

The record also discloses a number of inconsistent factual allegations between the parties that directly relate to the necessity of Defendants' use of physical force against McNeil as well as to the causation of McNeil's appendicitis. First, Defendants assert that any force used against McNeil was a direct result of his failure to comply with their orders incident to the search of McNeil's cell, while McNeil claims to have been subjected to an unprovoked beating. Second, McNeil states in his affidavit that, while in the infirmary, he was subjected to a second and lengthy beating by prison guards. The Defendants flatly deny this allegation. Finally, McNeil claims that his appendicitis was the result of injuries sustained from the actions of the Defendants. The Defendants also deny this allegation.

In granting summary judgment for the Defendants, the district court determined that the force used against McNeil was necessary to gain his compliance: "the force used was not only necessary but was measured and of short duration, and therefore did not comprise the malicious or sadistic use of force prohibited under the Constitution." (R. 25 at 10). We conclude, however, that such a determination was premature. Where resolution of an issue of fact depends upon credibility determinations, summary judgment is not appropriate. See Gray v. Spillman, 925 F.2d 90, 95 (1991). To the contrary, credibility determinations are the responsibility of the jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In determining that the force employed was necessary, the court implicitly accepted the version of events as sworn by the Defendants and rejected those of McNeil. This it cannot do on a motion for summary judgment.

The court also erred in its determination that McNeil failed to allege sufficient evidence of more than de minimis injuries. In his affidavit, McNeil alleged that his appendicitis was proximately caused by the Defendants' actions.[1] While the defendants deny

_____

[1] Although expressing no opinion as to the ultimate merits of this claim, we note that Dorland's illustrated medical dictionary 109 (28th ed.

3

McNeil's claim, we cannot conclude on the present record that there is no genuine issue of material fact as to the cause of McNeal's appendicitis. Accordingly, summary judgment was premature.

Finally, the court dismissed the action in part based on McNeil's failure to specify who he claims beat him in the prison infirmary.**2** However, McNeil identified the staff members who he states were in the infirmary with him at the time of the incident. Because McNeil was proceeding pro se, the court should have permitted him an opportunity to amend his complaint to more specifically identify the guards or other staff who allegedly beat him. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

We vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

VACATED AND REMANDED

_____

1994) defines traumatic appendicitis as "appendicitis caused by external trauma."

**2** As the court noted, McNeil only identified the guards responsible for a few of the blows allegedly inflicted on him.

4